## Stehlik License

*Wilhelm F. Knauer*, for appellant.

*Russell C. Wismer*, for Pennsylvania Liquor Control Board.

*James F. Ryan*, assistant city solicitor, for City of Philadelphia.

CARROLL, J., April 14, 1949.—This is an appeal from a refusal by the Pennsylvania Liquor Control Board to grant a hotel liquor license for premises 8000 State Road, in the City of Philadelphia. The reasons for the board's refusal as they appear in the opinion of the board filed in the case are twofold, being:

1. That the premises proposed to be licensed are located within 300 feet of a religious institution known as the Chapel of Our Mother of Mercy, and are also in close proximity to a home for the indigent; and

2. That objection to the issuance of the license has been filed by the Department of Public Welfare and the Department of Public Safety of the City of Philadelphia.

At the hearing before us, de novo, as provided by the act of assembly, it was agreed that the record of the proceedings before the board contain fully all the

evidence in each case, and it was, therefore, submitted to us on these records and no additional testimony was taken. On such records, therefore, we have before us the questions to be determined raised by the prayer of the petition.

The Pennsylvania Liquor Control Act of November 29, 1933, special sessions, P. L. 15, sec. 403, as amended, provides that the board may, in its discretion, refuse a license where the place proposed to be licensed "is within three hundred feet of any church, hospital, charitable institution, school or playground."

By the testimony before the board there is established the fact that the premises sought to be licensed are 190 feet away from Our Mother of Mercy Chapel, which is a religious institution. At the hearing before us, there was offered a letter dated December 31, 1948, from the rector of this chapel in which he stated that he had no objection whatever to the granting of the application for the reason that this chapel had no parishioners. It is to be noted that this statement was not before the Liquor Control Board at the time of the hearing on November 4, 1948, and it is also significant that the rector was not called at the hearing before us. From the statement in this letter that there are no parishioners, it has been erroneously concluded by the attorney for appellant, and strongly urged upon us, that this religious institution is not a church within the meaning of the act of assembly, and it has been stated in argument, but not by testimony taken at any time in either proceedings, that this chapel is merely the residence of the chaplain. This conclusion is obviously inaccurate for it is common knowledge, and it is particularly within the knowledge of this court, that the residence of a chaplain is not a chapel, which is exclusively a place of religious worship and as such a religious institution, but that the residence of a chaplain or a clergyman is a rectory, a vicarage,

a manse, etc., no one of which is in any sense a religious institution but rather is an abode or dwelling place. The test, whether a building known as a chapel is a religious institution within the meaning of the Act of 1933 as amended, cannot be held to be whether or not the chapel happens to be a parish church with parishioners, but whether it is an edifice used for religious worship, and the fact that this chapel is an edifice for religious worship, although this question was not asked in either proceeding before the board or before us, appears very clearly in the statement from the rector that he is the chaplain of the institution (meaning the home for the indigent). There being nothing in the evidence to the contrary, the conclusion, therefore, is inescapable that this chapel is a place for religious worship for the inmates of the home for the indigent of at least one denomination and we find it to be such a religious institution as is contemplated by the act of assembly. Hence, the action of the board in determining that the premises proposed to be licensed are located within 300 feet of a religious institution was a proper finding on the evidence submitted to it, and we make a similar finding on all the evidence before us.

The premises sought to be licensed is immediately across from the home for the indigent. The distance from the premises to the fence surrounding the grounds of the home for the indigent is less than 100 feet; it is 113 feet from the nearest building within the grounds, which happens to be an unused guard house; and it is 442 feet from the main building of the home. Hence, it would appear to the court that the premises are within 300 feet of the charitable institution of the home for the indigent, thus giving the board the discretion to refuse the license.

The Pennsylvania Liquor Control Board recently adopted a regulation for applying the act aforesaid

by which it provided that, for the purpose of measuring the distance to a church, hospital, or charitable institution, it would measure to the building, rather than to the ground which was a part of such institution. Only in the case of a school and public playground would the measurement be made to the grounds of the institution.

The Liquor Control Board has been given the responsibility for protecting the interest of the public in the issuance of liquor licenses. The duty of exercising the discretion granted by the act of assembly cannot be avoided by the Liquor Control Board. For this reason we do not consider the board, by any regulation, had the right to relinquish the discretion imposed upon it by the legislature.

The regulation adopted by the Pennsylvania Liquor Control Board for applying the law appears to relax the law unduly as applied to the present situation. It appears to the court that the home for the indigent, where the grounds are normally used by the inmates, is clearly a case where the measurements should be made to the ground, rather than the buildings. Since the board has adopted this regulation we consider we should not further relax the law, but should apply the regulation strictly in favor of protecting the public. Since there is a building on the grounds of the home for the indigent within the restricted distance, it will answer the purpose for giving the board discretion, although at the present time it appears to be unused. Hence, we hold the board had the discretion to refuse the license.

Meanwhile, we strongly recommend to the board that it reconsider its regulation for measuring the distance established by the act. We believe the intent of the legislature was that the distance should be measured to the grounds rather than the buildings. It is inconceivable that the legislature should not have

had in mind that many of the institutions enumerated in the act are surrounded by grounds which are as much a part of the institution as the buildings themselves. Under the regulation, as presently written, it would be legal for one to obtain a license to sell liquor within the very grounds of some spacious institutions if only a place for such concession could be obtained. While this is not likely to happen, the door is open to establishment of plans for the sale of liquor immediately adjoining the grounds of many public and charitable institutions, or as in this case, just across the street. Certainly no such situation was contemplated by the legislature, which intended this provision as a protection for the public interest.

Accordingly, the appeal is dismissed.